*E-Filed 10/27/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GLORIA FRANCO, | NO. 05-cv-1774 RS |
| Plaintiffs, | **ORDER GRANTING MOTION TO COMPEL INDEPENDENT MENTAL EXAMINATION** |
| v. | |
| BOSTON SCIENTIFIC CORPORATION, | |
| Defendants. | |

## I. INTRODUCTION

Defendant Boston Scientific Corporation moves to compel plaintiff Gloria Franco to submit to an independent mental examination. Franco offered to submit to such an exam, but only on conditions that Boston Scientific has indicated are not acceptable. Franco now opposes the motion, asking that it be denied or that, at a minimum, certain restrictions be imposed on the scope of any exam. Based on the parties' briefing, the argument of counsel, and the record, the motion will be granted.

## II. DISCUSSION

Federal Rules of Civil Procedure, Rule 35(a), provides, in relevant part:

> When the mental or physical condition… of a party…is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination….

> The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Accordingly, to justify a mental examination under Rule 35, the defendants must demonstrate (a) that the plaintiffs have placed their mental condition "in controversy," and (b) "good cause" for the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 241-43, 13 L.Ed.2d 152 (1964).

A plaintiff's mental or physical condition is "in controversy" when such condition is the subject of the litigation. *Robinson v. Jacksonville Shipyards, Inc.*, 118 F.R.D. 525, 531 (MD FL 1988). Specifically, courts have held that a separate tort claim for emotional distress places the plaintiff's mental condition in controversy. *See Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995) (intentional infliction of emotional distress claims place mental condition in controversy.).

"Good cause" generally requires a showing of specific facts justifying discovery. Factors that courts have considered include, but are not limited to, the possibility of obtaining desired information by other means, whether plaintiff plans to prove her claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress. *See Turner*, 161 F.R.D. 89, 97-98 (expert testimony); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995) (ongoing emotional distress); *Schlagenhauf*, 379 U.S. 104, 118-119 (availability by other means).

Even if good cause is shown, it is still within the court's discretion to determine whether to order an examination. *Stinchcomb v. United States*, 132 F.R.D. 29, 30 (E.D. Pa. 1990). Although the rule is to be construed liberally to allow the examination, the court must still balance the right of the party to be examined to avoid personal invasion against the moving party's right to a fair trial. *Curtiss v. Express, Inc.*, 868 F. Supp. 467, 468 (N.D. N.Y. 1994).

As noted above, where a separate tort claim for emotional distress is alleged, courts have held that plaintiff's mental condition is placed in controversy. *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995). Franco has alleged no such separate claim here. Nevertheless, the "controversy" for the purpose of Rule 35 need not be disclosed in the formal pleadings. *Swift v. Swift*, 64 F.R.D. 440 (E.D. NY 1974). An alleged ongoing mental or emotional illness puts the

2

claimant's mental condition in controversy. *See Ragge v. MCA/Universal Studios*, 165 FRD 605, 608 (C.D. Cal. 1995); *Jansen v. Packaging Corporation of America*, 158 FRD 409 (N.D. Ill. 1994). Here, Franco contends that she has suffered and continues to suffer emotional distress arising from her termination. Additionally, she has designated her treating psychiatrist to testify at trial. It appears that all or most of her claims for monetary damages relate to her alleged emotional distress.

As such, this does not appear to be a "garden variety" claim where emotional distress damages are sought only as an adjunct to other claims. If Franco intends to present her treating psychiatrist as the primary witness supporting her damages claim, she has put her mental state in controversy and Boston Scientific is entitled to an independent examination.

While the Court is authorized to place limits and conditions on the exam, the restrictions that Franco proposed to Boston Scientific (that Franco's attorney be present and approve all tests administered, and that there be no inquiry into her history) would eviscerate the purpose of the exam. In her opposition, Franco does not appear to urge such limitations, instead arguing only that the scope of the exam should be limited to "reasonable bounds" and that the examiner should not delve into "early medical history" or past or present sexual experiences.

From documentation provided at the hearing, it appears that Franco has had a long history of depression and psychological problems, characterized by her physician as "post-traumatic stress" that *predated* her termination from Boston Scientific. Under these circumstances, restricting examination into historical matters would unduly hamper a determination of what effects are attributable to the termination. Accordingly, the general limitations requested by Franco on the scope of the exam are overbroad, though the Court does expect that the examiner will act professionally and not subject Franco to unnecessary testing or inquiry.

### III. CONCLUSION

Boston Scientific's motion is granted.

IT IS SO ORDERED.

Dated: October 27, 2006

_____
RICHARD SEEBORG
United States Magistrate Judge

**United States District Court**
For the Northern District of California